```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

| | |
|---|---|
| THOMAS & BETTS INTERNATIONAL LLC and THOMAS & BETTS CORPORATION,<br><br>    Plaintiffs,<br>v.<br><br>BURNDY LLC, HUBBELL INC., 3M COMPANY, and ZHEJIANG SHANGYU CITY FENGFAN ELECTRICAL FITTINGS CO. LTD.,<br>    Defendants. | No. 2:14-cv-02296-JPM-tmp |

**ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Before the Court is the motion by Burndy LLC ("Burndy"), and Hubbell Incorporated ("Hubbell") (Hubble and Burndy, collectively referred to as "Defendants"), filed March 18, 2015, for judgment on the pleadings (ECF No. 46).

For the reasons stated below, the Court DENIES Defendants' Motion for Judgment on the Pleadings.

**I. BACKGROUND**

This case concerns allegations of unfair competition and false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a), and deceptive trade practices and fraudulent misrepresentation under Tenn. Code Ann. § 47-18-104 *et seq*. (Compl. ¶ 1, ECF No. 1.) Plaintiffs filed a Complaint against Defendants Hubble, Burndy, 3M Company, and Zhejiang Shangyu City Fengfan Electrical Fittings Co. Ltd. ("Fengfan") on April 25,

1

2014. (ECF No. 1.) Plaintiffs allege that, "[s]ince late 1962, . . . Thomas & Betts's cable ties have included and currently include a head having a uniquely oval shape (The "Oval-Head Trade Dress"). This oval-head design is non-functional and is not necessary for others to compete with Thomas & Betts." (Id. ¶ 18.) Plaintiffs allege that Defendants have used Plaintiffs' proprietary "unique oval-head cable tie trade dress in connection with their two-piece cable ties" without authorization. (Id. ¶ 2.) Plaintiffs further allege that Defendants Burndy and Hubbell made false and misleading statements regarding the ultraviolet resistance of their cable ties. (Id.)

Plaintiffs stipulated to the dismissal of this action without prejudice as to Defendant 3M Company on August 29, 2014 (ECF No. 17), and the Court entered an Order dismissing 3M Company from this matter on September 3, 2014 (ECF No. 18). On September 12, 2014, Defendants Hubbell and Burndy filed respective Answers. (ECF Nos. 21, 22.) With respect to Defendant Fengfan, Plaintiffs attempted service under the Hague Convention in August 2014. (ECF No. 16.) In the parties' joint Rule 26(f) Report, filed October 2, 2014, Plaintiffs noted that they had not received confirmation that Fengfan had been served in accordance with the Hague Convention. (ECF No. 29.) There has been no further representation to the Court as to whether

Defendant Fengfan has been properly served with the Complaint.

On March 18, 2015, Defendants Hubbell and Burndy filed a Motion for Judgment on the Pleadings as to Counts I and III of the Complaint.  (ECF No. 46.)  Plaintiffs filed a Response in Opposition on April 20, 2015.  (ECF No. 52.)  The Court held a hearing on the instant Motion on April 22, 2015.  (ECF No. 54.)  On May 7, 2015, Defendants filed a reply brief (ECF No. 57), and on May 18, 2015, Defendants filed a notice of supplemental authority in support of their motion (ECF No. 58).

## II.  LEGAL STANDARD

"After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings under Rule 12(c) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6).  Lindsay v. Yates, 498 F.3d 434, 437 n.5 (6th Cir. 2007) ("the legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same").

Under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  DirecTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007).  The court, however, "'need not accept as true legal conclusions or unwarranted factual inferences.'"  Id. (quoting Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir.

2000)). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008). In other words, "a complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. The '[f]actual allegations must be enough to raise a right to relief above the speculative level'; they must 'state a claim to relief that is plausible on its face.'" Id. (alteration in original) (citation omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)).

The Supreme Court clarified the concept of "plausibility" in Ashcroft v. Iqbal, 556 U.S. 662 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Twombly, 550 U.S.] at 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557, 127 S. Ct. 1955 (brackets omitted).

Id. at 678.

A plaintiff's "'factual allegations, assumed to be true,

4

must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief.'" Dauenhauer v. Bank of N.Y. Mellon, 562 F. App'x 473, 477 (6th Cir. 2014) (per curiam) (quoting League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007)). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." Han v. Univ. of Dayton, 541 F. App'x 622, 625-26 (6th Cir. 2013) (citing Twombly, 550 U.S. at 562).

In ruling on a motion for judgment on the pleadings, the Court may "consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion [] so long as they are referred to in the Complaint and are central to the claims contained therein." Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008); see also Wrobel v. Huron-Clinton Metro. Auth., No. 13-cv-13168, 2014 WL 1460305, at *6 (E.D. Mich. Apr. 15, 2014).

**III. ANALYSIS**

    **A.   Timeliness of Rule 12(c) Motion**

As an initial matter, the Court finds that Defendants' Motion is not premature. Plaintiffs argue that the Motion is premature because Fengfan has not yet been served, and,

therefore, the pleadings have not closed. The Court finds this argument unpersuasive.

Although generally "every defendant must file an answer before a Rule 12(c) motion can be filed . . . [,] [c]ourts maintain discretion in certain circumstances to consider a 12(c) motion even when one of the defendants has not filed an answer." Habeeba's Dance of the Arts, Ltd. V. Knoblauch, No. 2:05-CV-926, 2006 WL 968642, at *2 (S.D. Ohio Apr. 10, 2006) (citing Noel v. Hall, No. CV99-649-AS, 2005 WL 2007876, at *1-2 (D. Or. Aug. 16, 2005)). "This is most notably true when a plaintiff fails to serve one of the defendants." Id.

In this case, because Fengfan has not yet been served, the pleadings may be treated as closed for purposes of this motion. "A contrary reading of Rule 12(c) would mean that a plaintiff could forever preclude a 12(c) motion simply by naming and then not serving an additional defendant." Moran v. Paralta Cmty. Coll. Dist., 825 F. Supp. 891, 894 (N.D. Cal. 1993). Accordingly, it is not premature to consider a motion for judgment on the pleadings.

**B.   Unfair Competition Under the Lanham Act and Tennessee State Law**

Defendants argue that they are entitled to judgment on the pleadings as to Counts I and III of the Complaint because Plaintiffs' allegations of non-functionality are conclusory and

insufficient. (ECF No. 46-1 at 12-13.) Defendants further argue that "[j]udgment on the pleadings is particularly warranted in this case, given the fact that Plaintiffs' conclusory allegation of non-functionality is contradicted by the great weight of specific factual allegations in the exhibits to the Complaint that evince the functionality of Plaintiffs' oval-head cable tie design." (Id. at 13-18; see also ECF No. 57 at 2-4.)

Plaintiffs argue that they have adequately pleaded their claims, and that a "simple assertion of non-functionality is all that is required to state a claim." (ECF No. 52 at 3-6.) Plaintiffs further argue that "Defendants' use of a Rule 12(c) motion to make [their] functionality argument is an inappropriate and premature vehicle for resolving the complex, highly disputed fact issue of whether Plaintiff's Oval-Head Trade Dress is functional." (Id. at 3-4.) The Court agrees.

Trade dress, protected by the Lanham Act and Tennessee state law, "refers to the image and overall appearance of a product. It embodies that arrangement of identifying characteristics or decorations connected with a product, whether by packaging or otherwise, that makes the source of the product distinguishable from another and promotes its sale." Groeneveld Transp. Efficiency, Inc. v. Lubecore Int'l, Inc., 730 F.3d 494, 503 (6th Cir. 2013) (internal quotation marks omitted). "The

7

same analysis that applies to the federal Lanham Act claims also applies to the state claims of unfair competition under Tennessee common law and of violations of the Tennessee Consumer Protection Act ("TCPA")." McDonald's Corp. v. Shop at Home, Inc., 82 F. Supp. 2d 801, 816 (M.D. Tenn. 2000).

"If a product's design is functional, that design cannot serve as a trademark." Fuji Kogyo Co., Ltd. V. Pac. Bay Int'l, Inc., 461 F.3d 675, 683 (6th Cir. 2006) (citing Qualitex Co. v. Jacobson Prods. Co., 514 U.S. 159, 164 (1995)). "A product design is functional 'if it is essential to the use or purpose of the article or if it affects the cost of quality of the article.'" Groeneveld, 730 F.3d at 503 (quoting Inwood Labs., Inc. v. Ives Labs., Inc., 456 U.S. 844, 850 n.10 (1982)).

As a general matter, "[i]n a trade dress infringement case, the determination of functionality is a question of fact." Kehoe Component Sales Inc. v. Best Lighting Prods., Inc., 933 F. Supp. 2d 974, 1012 (S.D. Ohio 2013) (quoting Mkt. Masters, Inc. v. Clinician's Choice Dental Prods., Inc., 99 F. App'x 677, 681 (6th Cir. 2004)). The Lanham Act provides that "[i]n a civil action for trade dress infringement . . . the person who asserts trade dress protection has the burden of proving that the matter sought to be protected is not functional." 15 U.S.C. § 1125(a)(3). To survive a motion for judgment on the pleadings, however, a plaintiff need only sufficiently plead

non-functionality to establish a plausible claim for relief. See Iqbal, 556 U.S. at 678. At this stage, "a simple, and illustrated, assertion of non-functionality shall be sufficient." Leapers, Inc. v. SMTC, LLC, No. 14-CV-12290, 2014 WL 4964376, at *3 (E.D. Mich. Oct. 3, 2014).

In the instant matter, Plaintiffs' Complaint sets forth the distinctive nature of the oval-head design (Compl. ¶ 18), explains the functional aspects of a cable tie (id. ¶¶ 16, 17), and provides illustrations of the oval-head trade dress (see, e.g., id. ¶ 18). The Complaint further alleges that the "oval-head design is non-functional and is not necessary for others to compete with Thomas & Betts." (Id.) Plaintiffs' oval-head design is identifiable in the illustrations in the Complaint, which permits the Court to discern the distinctive, asserted non-functional, aspects of Plaintiffs' oval-head trade dress.[1] See Leapers, 2014 WL 4964376, at *3 ("The 'scalloping' is identifiable in the photographs attached to the complaint in this action, unlike the Mike Vaughn photographs, which left the court to speculate as to the distinctive elements."). Plaintiffs' assertions of non-functionality, together with the

---

[1] The Complaint provides that "[s]ince late 1962, Thomas & Betts's two-piece cable ties have been distinctive in appearance. Specifically, Thomas & Betts's cable ties have included and currently include a head having a uniquely oval shape (The "Oval-Head Trade Dress"). This oval-head design is non-functional and is not necessary for others to compete with Thomas & Betts. An illustration of Thomas & Betts's cable tie with the Oval-Head Trade Dress is provided below[.]" (Compl. ¶ 18.)

9

illustrations of their oval-head trade dress, are sufficient to plead non-functionality.

Defendants further argue that the exhibits attached to Plaintiffs' complaint contradict the allegation of non-functionality in the Complaint. (ECF No. 46-1 at 13-15.) While the statements made in Plaintiffs' attachments may present a factual dispute regarding non-functionality, this question should not be resolved at the pleading stage. See Garden Meadow, Inc. v. Smart Solar, Inc., 24 F. Supp. 3d 1201, 1211-12 (finding "it inappropriate to make a determination as to whether Garden Meadow's alleged Trade Dress is functional or non-functional at this preliminary juncture").

Accordingly, the Court finds that Plaintiffs have pleaded a plausible claim of non-functionality and that Defendants are not entitled to judgment on the pleadings.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion for Judgment on the Pleadings is DENIED.

**IT IS SO ORDERED,** this 13th day of October, 2015.

/s/ Jon P. McCalla
JON P. McCALLA
U.S. DISTRICT COURT JUDGE